UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NIGEL N. FREDERICKS,

                Plaintiff,

-against-

DETECTIVE JOHN DOE, 75TH PRECINCT; JOHN HASSEN, N.Y.P.D. OFFICER, 75TH PRECINCT; DETECTIVE OFFICER JOHN DOE, 75TH PRECINCT,

                Defendants.

20-CV-11043 (LLS)

TRANSFER ORDER

---

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently incarcerated at the Manhattan Detention Complex, is proceeding *pro se* and *in forma pauperis* (IFP).[1] On February 17, 2021, Plaintiff filed an amended complaint under 42 U.S.C. § 1983, arising out of events occurring in Brooklyn, New York, and naming only Brooklyn police officers.[2] For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] The Court granted Plaintiff leave to proceed IFP on January 7, 2021.

[2] By order dated January 29, 2021, the Court directed Plaintiff to file an amended complaint to address deficiencies in his original pleading. (ECF 5.)

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State."[3] 28 U.S.C. § 1391(d).

The events giving rise to Plaintiff's original complaint occurred in Manhattan and Brooklyn, and Plaintiff named Defendants residing in both boroughs. By order dated January 29, 2021, the Court directed Plaintiff to file an amended complaint to address deficiencies in his original pleading. (ECF 5.) In the amended complaint, Plaintiff asserts claims of false arrest and excessive force in connection with events occurring solely in Brooklyn, and only against police officers and detectives in the 75th Precinct in Brooklyn. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases

---

[3] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, New York, where most Defendants appear to reside. Brooklyn is located in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(a).

Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. This order closes this case.

SO ORDERED.

Dated:   March 4, 2021
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.