UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NIGEL FREDRICKS,

                      Plaintiff,

            -against-

DETECTIVE JOHN DOE, et al.,

                      Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21 CV 1307 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

      On December 29, 2020, plaintiff Nigel Fredricks, proceeding *pro se*, commenced this Section 1983 civil rights case alleging false arrest and excessive force against a number of officers of the New York City Police Department. On April 15, 2022, plaintiff filed an Amended Complaint adding several detectives as defendants. (ECF No. 57). Pending before the Court is defendants' Motion to Dismiss for Lack of Prosecution. (ECF No. 84). Plaintiff has not opposed the Motion to Dismiss, and therefore the Court deems the motion fully briefed.

      For the reasons set forth below, the undersigned respectfully recommends that the Motion to Dismiss be denied without prejudice at this time.

## DISCUSSION

      Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In deciding a Motion to Dismiss for failure to prosecute, courts consider the following factors: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial

court adequately assessed the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Defendants argue that plaintiff has demonstrated that he is no longer interested in prosecuting this matter.  They first note that on October 11, 2022, the Court had Ordered defendants to serve document requests and interrogatories and produce a video to plaintiff of him committing a robbery for which he alleges he was falsely arrested, but that despite defendants making arrangements for plaintiff to watch the video, plaintiff refused to leave his cell to watch it.  (ECF No. 84 at 1).

In that same October 11, 2022 Order, the Court had also Ordered plaintiff to respond to defendants' document requests and interrogatories by November 21, 2022.  On December 6, 2022, defendants filed a Motion to Compel, explaining that plaintiff failed to respond to their document requests and interrogatories.  (ECF No. 78).  According to defendants, despite plaintiff's claims that he did not understand defendants' document requests, plaintiff had responded to a similar iteration of those requests in a previous case.  (Id.)

To discuss the issues presented in the Motion to Compel, the Court held a status conference for December 19, 2022.  However, plaintiff did not appear; this was the second occasion on which plaintiff had failed to appear for a court conference.  Plaintiff had previously failed to appear for a conference that was scheduled for October 1, 2021.  (See Minute Entry, dated Oct. 4, 2021).

It was later determined that his failure to appear for the December 19 conference may have been due to the fact that plaintiff had been moved to a different facility on November 9, 2022, and he had not updated his address on the docket.  Thus, defendants were unable to coordinate plaintiff's appearance for the conference in time.  (ECF No. 80).  Plaintiff did not file

2

a notice of his change of address until January 12, 2023, over two months after his move. (ECF No. 82). The Court warned plaintiff early on in this action that he is to promptly notify the Court of any address changes and that the Court may dismiss the action if plaintiff fails to do so. (ECF No. 4).

The Court then rescheduled the December 19, 2022 conference to January 25, 2023. Plaintiff failed to appear for the January 25, 2023 conference. At first, plaintiff delayed the conference by approximately forty-five minutes and ultimately refused to appear; he was therefore escorted back to his cell. Thereafter, on February 2, 2023, defendants filed the instant Motion to Dismiss for Lack of Prosecution, which has been referred to the undersigned to prepare a Report and Recommendation. (ECF No. 84; Order, dated Feb. 3, 2023).

Following the filing of defendants' motion to dismiss, the Court issued an Order on February 6, 2023, directing plaintiff to file a response to defendants' motion by February 20, 2023, and warning that the Court would issue a Report and Recommendation recommending that the case be dismissed for lack of prosecution if plaintiff did not respond. (ECF No. 85). Plaintiff did not file a response.

On February 10, 2023, defendants requested that the Court hold in abeyance any other deadlines pending a decision on the Motion to Dismiss. The Court granted the request to stay any other deadlines on February 15, 2023. (ECF No. 87). Again, in that February 15, 2023 Order, the Court reminded plaintiff that failure to respond to defendants' motion would result in the Court recommending dismissal of the case.

The Court did not hear from plaintiff again until April 8, 2023, when plaintiff wrote a letter indicating that he intended to file a "misbehavior" report but not explaining further what his concerns were. (ECF No. 88). The Court gave plaintiff one final opportunity to demonstrate

3

that he wants to pursue his case and scheduled a conference for May 11, 2023. The Court warned plaintiff that failure to appear would result in the Court issuing a Report and Recommendation immediately following the conference, recommending that the case be dismissed for lack of prosecution.

Ultimately, plaintiff appeared for the May 11, 2023 conference. (See Minute Entry, dated May 15, 2023). Defendants' counsel informed the Court at that time that they had received plaintiff's responses to defendants' document requests and interrogatories, and that they would be producing their written responses to plaintiff's document requests, requests for admission, and requests for interrogatories. Accordingly, the Court denied defendants' Motion to Compel as moot. (ECF No. 91). Given plaintiff's appearance at the May 11, 2023 conference, his explanation as to his earlier issues with appearances at conferences, his responses to defendants' discovery requests, and plaintiff's apparent desire to continue to prosecute this case, the Court respectfully recommends that defendants' motion be denied at this time without prejudice to renew if plaintiff fails to participate in the action in the future. Plaintiff is reminded that if he is moved to a different facility, he must notify the Court and counsel as soon as possible.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties

either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 15, 2023

/s/ Cheryl L. Pollak
CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York
